"O"

FILED
CLERK, U.S. DISTRICT COURT

FEB 17 2009

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| DEROY JOHN GREEN, III,<br><br>      Petitioner,<br><br>      v.<br><br>CAL. DEP'T OF CORR., ET AL.,<br><br>      Respondents. | Case No. CV 08-08563 DSF (AN)<br><br>ORDER APPROVING AND ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

      Pursuant to 28 U.S.C. § 636(b)(1), the Court has reviewed the file, including the Magistrate Judge's Report and Recommendation ("R&R") and Petitioner's Objection thereto, *de novo*. IT IS ORDERED that:

      1.    In his Objection, Petitioner takes exception to the Magistrate Judge's finding that claims one, two, three, and five are subject to dismissal as time-barred. (Objection at 1:20-2:5.) Petitioner principally contends the filing date for these claims should be deemed to relate back to December 9, 2008, the filing date of his original petition in case no. CV 08-08120 DSF (AN) ("First Petition") because, after the First Petition was dismissed without prejudice on December 26, 2008, he "diligently 're-filed'" the pending Petition on December 29, 2008. (*Id.* at 1:27-2:16.) Consequently, Petitioner further contends he should be granted equitable tolling pursuant to *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814 (2005). (*Id.* at 2:17-3:5.)

Petitioner's foregoing contentions lack merit for the following reasons.

First, Petitioner fails to recognize this Court dismissed his First Petition due to his failure to name a proper respondent. (First Petition, Order Dismissing Petition for Writ of Habeas Corpus for Lack of Jurisdiction (dkt. #3) at 2:17-3:11; Judgment (dkt. #4).) Significantly, Petitioner's failure to name a proper respondent in his First Petition deprived this Court of jurisdiction. *Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994).

Second, because the First Petition was properly dismissed without prejudice due to the Court's lack of jurisdiction, Petitioner cannot use Fed. R. Civ. P. 15(c) to relate his pending Petition back to his previously dismissed First Petition. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154-55 (9th Cir. 2006) ("[W]e hold that a habeas petition filed after the district court dismisses a previous petition without prejudice for failure to exhaust state remedies cannot relate back to the original habeas petition.").

Third, Petitioner has failed to meet his burden of showing that equitable tolling is appropriate under *Pace,* which requires a petitioner to establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418; *Rasberry*, 448 F.3d at 1153 (citing *Pace*). The facts demonstrate Petitioner was not diligently pursuing his rights throughout the time the limitation period was running. To the contrary, it is undisputed that he waited until the proverbial last minute to file a defective First Petition and then hastily filed his pending Petition after the First Petition was dismissed. Further, Petitioner has failed to show that extraordinary circumstances prevented him from filing the First Petition and the pending Petition in a timely manner. In this regard, the Court also finds there is no merit to Petitioner's implied contention that he is entitled to equitable tolling because of his *pro se* status and limited education. (Objection at 3: 6-8.) As the Ninth Circuit announced in *Rasberry*, "[w]e now join our sister circuits and hold that a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." *Id.*

Based on the foregoing, Petitioner's Objection is overruled and the R&R is approved and adopted, with the following changes:

p. 3, n.2: "11.5.2" should read "11-5.2";

p. 4, ln. 6 should read: "Courts, 28 U.S.C. foll. § 2254, states that the judge to whom the petition is assigned";

p.4. lns. 7 - 10 should read "is required to examine the petition promptly and '[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.'"

2. Judgment shall be entered denying the Petition and dismissing claims one, two, three, and five with prejudice because they are time-barred, and dismissing claim four without prejudice because it is unexhausted.

3. Any other pending applications, motions, or requests are denied as moot.

IT IS FURTHER ORDERED that the Clerk of the Court shall serve a copy of this Order and the Judgment on all counsel or parties of record.

Dated: February 17, 2009

/s/ Dale S. Fischer
_____
DALE S. FISCHER
UNITED STATES DISTRICT JUDGE